# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# IN ADMIRALTY

GEICO MARINE INSURANCE COMPANY,

    Plaintiff,                                               **Case No.:**

v.

JOHN DUDA and HENRY BARON,

    Defendants.

_____/

## COMPLAINT

Plaintiff, GEICO MARINE INSURANCE COMPANY ("GEICO Marine"), hereby sues Defendants, JOHN DUDA and HENRY BARON, for declaratory relief, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. This is an admiralty and maritime cause within the meaning of FED. R. CIV. P. 9(h), and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a maritime contract.

3. Venue is proper with the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) because both Defendants are residents of Brevard County, Florida, which is located in this district and division thereof.

4. All conditions precedent to the filing of this action have occurred, have been waived or otherwise complied with.

5.      Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action or declaratory judgment is ripe and appropriate.

## PARTIES

6.      At all times material to this action, GEICO Marine is and was a corporation organized and existing under the laws of Maryland with its principal place of business in Maryland. GEICO Marine is and was a citizen of Maryland.

7.      At all times material to this action, Defendant John Duda is and was an individual domiciled in Cocoa Beach, Florida. Defendant John Duda is and was a citizen of Florida.

8.      At all times material to this action, Defendant Henry Baron is and was an individual domiciled in Palm Bay, Florida. Defendant Henry Baron is and was a citizen of Florida.

## FACTUAL ALLEGATIONS

9.      Plaintiff GEICO Marine issued a Marine Insurance Policy to John Duda, policy number BUS5063862-01, with effective dates of June 20, 2017 to June 20, 2018 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A"** and is fully incorporated herein.

10.     Following the expiration of the Policy on June 20, 2018, the Policy was not renewed and GEICO Marine advised John Duda of the non-renewal via a Notice of Policy Expiration[1]. A copy of the Notice of Policy Expiration is attached hereto as **Exhibit "B"** and is fully incorporated herein.

11.     The Policy had limits of liability of $300,000.00 for each accident, inclusive of both bodily injury and property damage.

---

[1] The Notice contains a scrivener's error as it indicates that it was sent on June 25, 2017 and the policy expired June 20, 2017, when it actually was sent on June 25, 2018 and the policy expired June 20, 2018. Both expiration dates are before the July 20, 2018 date of loss.

12. The Policy provided, in relevant part, as follows:

    **SECTION I – INSURING AGREEMENT**

    "**We**" will provide the coverages shown on the Declarations Page, contained in this policy and any endorsements, for any covered loss that occurs during the policy period, on the condition that "**you**" pay the premium and comply with all of the policy provisions.

13. The Policy also contained a navigational warranty on the Declarations Page, which provided as follows:

    **CRUISING LIMITS: While afloat, the insured boat shall be confined to the waters indicated below:**

    **(There is no coverage outside of this area without "our" written permission.)**

    Coastal and Inland waters of the U.S. and Canada

14. Lastly, under Section V.E of the Policy, which provided general conditions, the Policy provided the following:

    **E. Where Covered**

    Coverage is provided:

    1. While an **"insured boat"** is afloat or arose within the Cruising Limits shown on the Declarations Page; and

    2. While an **"insured boat"** or its equipment is being transported by land conveyance in the United States or Canada.

15. On or about December 4, 2018, counsel for Henry Baron sent a letter to counsel for John Duda. A copy of that Demand Letter is attached hereto as **Exhibit "C"**.

16. The Demand Letter alleges that on or about July 20, 2018, Mr. Duda operated his vessel in such a way as to severely injure Mr. Baron, resulting in the amputation of Mr. Baron's arm (the "Subject Incident").

17. The injury arising out of the Subject Incident took place in the Bahamas.

18. Following receipt of the Demand Letter by Mr. Duda's attorney, Mr. Duda reported the claim to GEICO Marine and requested a defense and indemnity for the claims asserted in the Demand Letter.

19. Once GEICO Marine was made aware of the claim, it promptly reserved its rights and requested an Examination Under Oath of Mr. Duda. A copy of the reservation of rights is attached hereto as **Exhibit "D"**.

20. Although Mr. Baron is not an insured under the Policy, he has been named as a defendant as an indispensable party pursuant to FED. R. CIV. P. 19.

## **COUNT I – DECLARATION AS TO POLICY EXPIRATION**

21. GEICO Marine reincorporates the allegations contained in paragraphs 1 through 20 as if more fully set forth at length herein.

22. By its terms, the Policy only applies to "any covered loss that occurs during the policy period."

23. The Policy expired on June 20, 2018.

24. The Subject Incident occurred one month after the Policy expired, on July 20, 2018.

25. Therefore, the Subject Incident did not "occur" during the policy period.

26. As a result, GEICO Marine seeks a declaration that it has no duty to defend or indemnify John Duda regarding any claims by Henry Baron arising out of the Subject Incident, as there is no insurance policy in effect covering such loss.

27. An actual, present and justiciable controversy exists between Plaintiff GEICO Marine and Defendants John Duda and Henry Baron warranting the entry of a declaratory judgment by this Court that the Policy does not provide coverage for the Subject Incident.

## COUNT II – DECLARATION AS TO NAVIGATIONAL WARRANTY

28. GEICO Marine reincorporates the allegations contained in paragraphs 1 through 20 as if more fully set forth at length herein.

29. Count II of this Complaint is pleaded in the alternative to Count I, in the event it is determined that the Policy had not expired at the time of the Subject Incident.

30. The Policy includes a navigational warranty (denoted in the policy as "Cruising Limits"), which provides that "There is no coverage outside [the coastal and inland waters of the U.S. and Canada] without 'our' written permission."

31. The Policy further provides in relevant part in Section V.E that "Coverage is provided…while an **"insured boat"** is afloat or ashore within the Cruising Limits shown on the Declarations Page."

32. The Subject Incident took place in the Bahamas.

33. The Bahamas are not within the coastal and inland waters of the United States and Canada.

34. GEICO Marine did not give written permission to Mr. Duda to exceed the cruising limits set forth in the Policy.

35. Under well-entrenched federal maritime law, navigational warranties in marine insurance policies are strictly construed, and violation of such a warranty voids coverage irrespective of whether the warranty's violation caused or contributed to the loss. *See, e.g.*, *La Reunion Francaise, S.A. v. Christy*, 122 F. Supp. 2d 1325, 1334 (M.D. Fla. 1999).

36. Because Duda was indisputably in violation of the navigational warranty, there is no coverage for the Subject Incident even if the Policy was in effect.

WHEREFORE, GEICO MARINE INSURANCE COMPANY respectfully requests that this Court enter judgment in its favor, declaring that the Policy does not provide coverage for the claims asserted in the Demand Letter and that GEICO Marine has no duty to defend or indemnity John Duda with respect to said claims. GEICO Marine further requests such other relief as the Court may deem just and appropriate under the circumstances.

Dated: March 12, 2019.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for GEICO Marine Insurance Company*
401 East Las Olas Blvd, Suite 1400
Fort Lauderdale, FL  33301
Telephone: (954) 414-0400
Facsimile:  (954) 332-3301

By:/s/ *Charles S. Davant*
    Charles S. Davant
    Florida Bar No. 15178
    csd@davantlaw.com
    Aaron M. Dmiszewicki
    Florida Bar No. 111455
    amd@davantlaw.com